**BOEING PETROLEUM SERVICES, INCORPORATED, Appellant,**

v.

**James D. WATKINS, Secretary of Energy,\* Appellee.**

No. 91–1169.

United States Court of Appeals, Federal Circuit.

Nonprecedential Order Issued April 25, 1991.

Precedential Order Issued June 3, 1991.\*\*

Cyrus E. Phillips, IV, McGuire, Woods, Battle & Boothe, Washington, D.C., represented the appellant.

---

\* The United States was originally designated as appellee. Pursuant to the April 25, 1991 nonprecedential order, the Clerk of the Court revised the caption to show James D. Watkins, Secretary of Energy, as appellee.

\*\* This order is being issued as a precedential order pursuant to an unopposed motion of Boeing Petroleum Services, Incorporated.

Joan M. Bernott, Dept. of Justice, Washington, D.C., represented the appellee. Of Counsel was David M. Cohen.

## ORDER

RICH, Circuit Judge.

Boeing Petroleum Services Incorporated, (Boeing) moves to revise the caption by changing the appellee from the "United States" to the "General Services Administration Board of Contract Appeals."[1] The United States opposes the motion.

This matter stems from a protest before the General Services Administration Board of Contract Appeals (Board) where ViON Corporation challenged an award of a contract to Federal Computer Corporation. Boeing, acting as a management and operations contractor for the Department of Energy (DOE), was the procuring entity. Boeing and DOE moved to dismiss the protest for lack of jurisdiction.[2] The Board denied those motions. The Board also granted ViON's protest, directing Boeing to terminate the contract with Federal Computer Corporation. Apparently, ViON and Federal Computer Corporation have now settled. Boeing appealed and filed the instant motion.

Boeing argues that its appeal is miscaptioned. Boeing reasons that because Fed. R.App.P. 15(a) governing petitions for review of agency orders provides that in "each case the agency shall be named respondent", its appeal should be captioned with the Board, not the United States, as appellee.

In response, the United States argues that this court "follows an established, long unchallenged contrary practice of designating the United States respondent in all CDA [Contract Disputes Act] appeals." Further, the United States argues that Fed.R.App.P. 15(a), if applicable, provides

---

1. We are treating Boeing's February 7, 1991 letter as a motion to revise the caption.

2. The jurisdictional issue in this case is presently before the court in *U.S. WEST Communications Services, Inc. v. United States*, No. 89–1662 and *Boeing Co. v. United States*, No. 90–1248.

that "[t]he United States shall also be deemed a respondent if so required by statute."

We are not convinced that either party's arguments are on point. We acknowledge that this court's caption practice to date stems from and continues the practice of one of our predecessor courts, the Court of Claims. The Court of Claims always designated the appellee, "United States", including appeals from Boards of Contract Appeals. However, the Court of Claims was constrained to do so because it could only entertain cases against the United States.

Nor are we convinced that the United States should be deemed an additional respondent pursuant to Fed.R.App.P. 15(a). Neither the Brooks Act, implicated here because the procurement of automatic data processing equipment was involved, nor the Contract Disputes Act has any language indicating that the United States should be a respondent on appeal.

We also reject Boeing's contention that the Board should be the named respondent. The legislative history of the Contract Disputes Act reveals that the drafters viewed the Board as an entity quite distinct from the contracting agency:

> The agency boards of contract appeals ... function as quasi judicial bodies. Their members serve as administrative judges in an adversary-type proceeding, make findings of fact, and interpret the law.... In performing this function *they do not act as a representative of the agency,* since the agency is contesting the contractor's entitlement to relief [emphasis added].

S.Rep. No. 1118., 95th Cong., 2d Sess. 26, *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5235, 5260. Traditionally, adjudicative bodies do not defend their decisions on appeal unless specifically provided for by statute.[3] *See e.g., Marshall v. Sun Petroleum Prods. Co.,* 622 F.2d 1176, 1184 (3d Cir.1980) (commission designed strictly as an independent adjudicator had no right

to independent representation in judicial review procedures before appellate court).

We look to the statutory language to determine the proper named respondent. The Contract Disputes Act provides:

> *[T]he agency head,* if he determines that an appeal should be taken, and with the prior approval of the Attorney General, transmits the decision of the board of contract appeals to the Court of Appeals for the Federal Circuit...

41 U.S.C. § 607(g)(1)(B) (1987).

Further, the Brooks Act provides:

> The final decision of the board may be appealed *by the head of the Federal Agency concerned* and by any interested party, including interested parties who intervene in any protest filed under this subsection, as set forth in the Contract Disputes Act of 1978 (41 U.S.C. 601 et seq.) [emphasis added].

40 U.S.C. § 759(f)(6)(A) (Supp.1990).

Thus the statutes designate, not the Board, not the United States, but the agency head as the party entitled to appeal. It follows that the party entitled to appeal is the proper named respondent.

The legislative history supports this view. The Senate Report addressing section (g)(1)(B) of the 1978 Contract Disputes Act states:

> [T]he *agency head* of the agency receiving an adverse decision, after receiving the Approval of the Attorney General, *may appeal the decision for the government.* [emphasis added.]

S.Rep. 1118, 95 Cong., 2d Sess. 27, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5235, 5261. Thus the agency head, in this proceeding, James D. Watkins, Secretary of Energy, is the proper respondent on appeal from the Board. This conclusion is in accord with the plain language of the Contract Disputes Act and the Brooks Act as well as Fed.R.App.P. 15(a).

Accordingly,

IT IS ORDERED THAT:

---

**3.** For an example of a statute specifically providing for a board to be named respondent under certain circumstances, see 5 U.S.C. § 7703 (West Supp.1991) governing judicial review of decisions of the Merit Systems Protection Board.

(1) Boeing's motion to revise the caption by changing the appellee from the United States to the Board is denied.

(2) The clerk of the court is directed to revise the caption to show that James D. Watkins, Secretary of Energy, is the proper respondent in this appeal.